COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| TIMOTHY OLIVER BROWN, | § | |
| | | No. 08-19-00073-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 109th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Crane County, Texas |
| | § | |
| Appellee. | | (TC# 1817) |
| | § | |

## **O P I N I O N**

A jury convicted Timothy Oliver Brown of possession of a controlled substance in penalty group 1, acquitted him of the charged offense of assault on a public servant, and pursuant to Brown's request for inclusion of a lesser-included offense to the assault, convicted him of the lesser-included offense of resisting arrest, search, or transportation. The jury assessed his punishment at 2 years' confinement and a $10,000 fine on the possession-of-a-controlled-substance conviction and at 365 days' confinement and a $4,000 fine on the resisting-arrest conviction. The trial court sentenced Brown in accordance with the jury's verdicts.

Under the above-styled appellate cause number, Brown asserts a single issue on appeal challenging the legal sufficiency of the evidence to sustain his conviction for possession of a controlled substance only on the basis that the State failed to prove the requisite *mens rea* for his

offense – i.e., that his possession of a controlled substance was intentional or knowing. We affirm.[1]

## BACKGROUND

On July 17, 2017, Lieutenant Aaron Jenkins of the Crane Police Department conducted a traffic stop of a truck, in which Brown was the front passenger, due to the malfunctioning lights on a trailer being pulled behind it. Once Lieutenant Jenkins identified the driver and ran the vehicle's information through a database, a dispatcher informed Lieutenant Jenkins that the trailer was reported stolen. Meanwhile, Deputy Cesar Quiroga of the Crane County Sheriff's Office arrived to assist.

Deputy Quiroga asked Brown to exit the passenger seat, but Brown refused. Brown's demeanor then became aggressive, "altered in manner," and noncompliant. When Deputy Quiroga placed a handcuff on one of Brown's wrists, Brown pulled his arms away, and shortly afterwards, Brown headbutted Deputy Quiroga by swinging around when Deputy Quiroga tried to conduct a pat-down. Eventually, Lieutenant Jenkins helped quell Brown's resistance and helped bring Brown to the front of a patrol unit so that Deputy Quiroga could perform a full pat-down search.

During the pat-down, the officers found a necklace around Brown's neck that contained a "pill pocket" compartment with 0.06 grams of methamphetamine inside. Although it was a hot July day, Brown wore multiple layers of clothing, and wore a necklace nestled between layers of his shirts. Brown also had a knife in his shorts. At trial, Lieutenant Jenkins testified that, based on his training and experience, wearing multiple layers of clothing was a tactic used to conceal items. In addition, when the officers discovered Brown's necklace, Brown first said that he "got that from

---

[1] This is a companion case to Cause No. 08-19-00074-CR (TC# 1818) in which Brown appeals from his conviction for resisting arrest, search, or transportation. We issue a separate opinion for each case.

2

somebody," subsequently claimed to have "found it," and finally said he "found it when they were riding around."

In one issue, Brown challenges the legal sufficiency of the evidence to sustain his conviction for possession of a controlled substance. He narrows his challenge to contending only that there was no evidence he intentionally or knowingly possessed the methamphetamine found in the compartment of the necklace he was wearing around his neck.

### 1.    Standard of Review

In assessing the legal sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The jury is the sole judge of the credibility of witness testimony and the weight to assign that testimony, and the jury may believe all, some, or none of any witness's testimony. *Metcalf v. State*, 597 S.W.3d 847, 855 (Tex. Crim. App. 2020). The reviewing Court must give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. Each fact need not point directly and independently to the guilt of the defendant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Id*. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id*.

3

*2. Applicable Law*

For Brown's charge of possession of a substance in penalty group 1, the State was required to prove the following elements: (1) the defendant; (2) knowingly or intentionally; (3) possessed; (4) methamphetamine; (5) in an amount, by aggregate weight, including any adulterants or dilutants, less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (defining the state-jail felony offense of possession of a controlled substance in penalty group 1); TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (designating methamphetamine as a substance in penalty group 1). Here, the only element at issue is whether Brown "knowingly or intentionally" possessed the methamphetamine.

By its nature, a culpable mental state must generally be inferred from the circumstances. *Nisbett v. State*, 552 S.W.3d 244, 267 (Tex. Crim. App. 2018). We cannot read an accused's mind, and absent a confession, we must infer his mental state from his acts, words, and conduct. *Id*. Inconsistencies in a defendant's story can provide evidentiary support for a conviction. *Id*. at 266. And so too can acts showing a defendant's consciousness of guilt. *See Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006); *Castaneda v. State*, No. 08-10-00050-CR, 2011 WL 4490960, at *5 (Tex. App. – El Paso Sep. 28, 2011, pet. ref'd) (not designated for publication).

Furthermore, this Court has previously held, in no uncertain terms, "[w]hen contraband is found on an accused's person, or in personal items such [as] a purse, the jury might also infer the accused knowingly possessed the contraband found there." *Solis v. State*, No. 08-18-00101-CR, 2019 WL 3940961, at *4 (Tex. App. – El Paso Aug. 21, 2019, no pet.) (not designated for publication).

*3. Application*

4

As this Court has previously held, the fact that Brown wore the necklace containing methamphetamine is alone sufficient to prove he knowingly possessed the contraband found inside. *See Solis*, 2019 WL 3940961, at *4; *see also Banks v. State*, No. 11-17-00281-CR, 2019 WL 3727550, at *2 (Tex. App. – Eastland Aug. 8, 2019, no pet.) (mem. op., not designated for publication) (holding that the jury could have rationally inferred that the defendant knowingly possessed the cocaine found in his pocket where: (1) the cocaine was visible to the naked eye; (2) the cocaine weighed 2.08 grams; and (3) when a detective removed the container with the cocaine from the defendant's pocket, the defendant made eye contact with her). However, this case presents additional circumstances from which a jury could infer Brown's knowledge and intent to possess the methamphetamine.

First, Brown's conduct in wearing multiple layers of clothing on a hot July day, combined with Lieutenant Jenkins' testimony on the significance of this conduct, provided support for an inference that Brown had the requisite culpable mental state. *See Nisbett*, 552 S.W.3d at 267. Second, Brown's inconsistent explanations for how he acquired the necklace – he initially claimed that he "got that from somebody" and subsequently claimed to have "found it" – also provided support for the jury to infer a culpable mental state. *See id*. at 266. Finally, Brown's aggressive, non-compliant resistance to Deputy Quiroga's attempt to remove him from the vehicle and pat him down also supported such an inference. *See Evans*, 202 S.W.3d at 162 n.12; *Castaneda*, 2011 WL 4490960, at *5; *see also, e.g.*, *Panus v. State*, No. 03-17-00719-CR, 2018 WL 4140851, at *4 (Tex. App. – Austin Aug. 30, 2018, pet. ref'd) (mem. op., not designated for publication); *Ridings v. State*, No. 04-16-00370-CR, 2017 WL 603636, at *3 (Tex. App. – San Antonio Feb. 15, 2017, pet. ref'd) (mem. op., not designated for publication) (cases holding that a defendant's aggressive

5

behavior during an arrest or resistance to an arrest shows a consciousness of guilt).

In his brief, Brown generally points to the lack of certain affirmative links between him and the contraband, such as the lack of any directly incriminating statements made by him when he was arrested, the lack of any showing that he was under the influence of narcotics, and the lack of any other drugs found in the vehicle. However, these arguments all relate to the formerly so-called "affirmative links" concept that is applicable only in instances where the contraband is not found on the accused's person or when the accused does not exclusively possess a container where the contraband is found. *See Saunders v. State*, No. 13-18-00589-CR, 2020 WL 3479261, at \*2 (Tex. App. – Corpus Christi June 25, 2020, no pet.) (mem. op., not designated for publication); *Utomi v. State*, 243 S.W.3d 75, 79 (Tex. App. – Houston [1st Dist.] 2007, pet. ref'd). By contrast, Brown exercised exclusive possession and control of the necklace, and the concept is therefore inapplicable here.

For the above reasons, we hold that the evidence was legally sufficient to prove Brown knowingly or intentionally possessed a controlled substance. Accordingly, we overrule his issue presented for review.

## CONCLUSION

The trial court's judgment is affirmed.

GINA M. PALAFOX, Justice

August 19, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

6